[No. 22376. Department Two. September 29, 1930.]
WASHELLI CEMETERY ASSOCIATION, *Appellant*, v. KING
COUNTY, et al., *Respondents*.[1]

*Roberts, Skeel & Holman* and *Tyre H. Hollander*, for appellant.

*Ewing D. Colvin, Arthur M. Hare*, and *Allen Sprat-lin*, for respondents.

FULLERTON, J.—In this action, the appellant, Wash-elli Cemetery Association, sought to restrain the county of King from selling for delinquent taxes certain property owned by it, which it has devoted to cemetery purposes, and to recover from the county certain sums which it alleges it had paid the county as taxes on the property to prevent its distraint and sale.

The record discloses that, for some years preceding the year 1918, one Victor Denny owned a tract of land

[1]Reported in 292 Pac. 109.

situated in King county, which he had used or permitted to be used as a place for the burial of the dead. In the year named, Denny sold and conveyed the property to the American Necropolis Company, a corporation organized under the general incorporation laws of the state. This corporation platted the greater part of the land into burial lots, with suitable paths and roadways usual in such cases, and certain tracts to be used for ornamental purposes, dedicating these paths and ways and the ornamental tracts to the public use forever.

In 1920, the corporation erected a building on a part of the land, called a mausoleum, and, in the next year, another building called a columbarium. These were somewhat massive structures, built of concrete with granite facings, and cost upwards of one hundred and thirty thousand dollars. Both buildings were designed solely as depositories for bodies of the dead and ashes of bodies of the dead, and were not suitable for, and could not be used for, any other purposes. The first of the structures was designed entirely for burial purposes. It contained eight hundred and sixteen crypts, each of a size sufficient to hold a single casket containing a human body. The second contained both crypts and niches, the latter being intended as depositories for the ashes of the dead who had been cremated. The corporation, while organized for the purpose of conducting a cemetery, was organized for profit. It expected and intended to sell the burial lots included in its general plat, and the crypts and niches in the structures, at a price exceeding their cost to those desiring to purchase and use them for the particular purpose for which they were intended.

Sometime after the organization of the corporation just mentioned, the Washelli Cemetery Association, the corporation who is plaintiff and appellant in the

action before us, was incorporated. It, however, is incorporated under the special statutes (Rem. Comp. Stat., § 3758 *et seq.*) as a non-profit organization, having as its sole object and purpose the procuring and establishing of a burying ground and place of sepulture for the dead.

Subsequent to the erection of the structures mentioned, the American Necropolis Company conveyed all of the burial lots in its entire tract to a cemetery association conducting a cemetery on an adjoining tract, reserving therefrom the paths and roadways mentioned, the structures and the land upon which they stood, and the certain other tracts designed to be improved for ornamental purposes. Later it conveyed to the appellant corporation all of its reserved interests in the property, except the right to receive ninety per cent of the sale price of all of the unsold crypts and niches in the structures as they should subsequently be sold. By the contract of sale, it was provided that ten per cent of the sales was to be the property of the appellant corporation and by it placed in a permanent fund, the interest on which was to be used in the upkeep of the cemetery generally. A like ten per cent was reserved for the same purpose from the sale of the burial lots when made by the cemetery association to which the corporation had conveyed them, and the right to receive these sums also passed to appellant by the contract of sale.

After the sale of its property as stated, the capital stock of the American Necropolis Company was gathered into the hands of one person, who assumed ownership of all the remaining interests the company had in the property. The corporation thereupon ceased to function as a corporation, and the person mentioned, by will, vested the interests in a trustee for the benefit of her heirs.

Beginning with the year 1924, and continuing with the subsequent assessment years, the county assessor of King county assessed the structures and the land upon which they were situate as taxable property of the appellant, placing a valuation thereon of thirty-five thousand dollars. On this valuation, a yearly tax was levied approximating $2,000.

The taxes paid under protest were taxes assessed for the year 1925, and were paid after the structures had been distrained and offered for sale by the tax collector. It is the sum so paid that the appellant seeks to recover in the present action. It seeks also to cancel and set aside the taxes levied thereon which still remain unpaid.

The trial court held that neither the structures as such nor the land upon which they are situated are subject to taxation. It held, however, that the unsold crypts and niches in the buildings were so subject. It thereupon entered a decree to the following effect:

"It Is Hereby Ordered, Adjudged and Decreed as follows:

"(1) That Washelli Cemetery Association, a corporation, plaintiff herein, is the owner of the following described real property, to wit: [describing the property] and is the owner of the mausoleum and columbarium located thereupon.

"(2) It is further ordered that the taxes heretofore assessed against the said property, mausoleum and columbarium, be declared invalid and of no legal force and effect, and that the assessor of King county, Washington, defendant herein, be and he is hereby directed and required to re-assess for the year 1924 and subsequent years each of said buildings separately to the extent and in the proportion that the unsold niches and crypts bear to the whole number of niches and crypts in each building. . . .

"(4) It is further ordered, that the amount of the 1925 taxes assessed against said property which were heretofore paid under protest by the plaintiff herein

shall be applied towards the satisfaction and payment of the taxes for the year 1924 and subsequent years under the re-assessment hereinabove ordered.''

The special statute regulating the formation of corporations for cemetery purposes provides that ten or more persons residing within a county may form such a corporation, and further provides that:

''Such associations shall be authorized to purchase or take by gift or devise, and hold land exempt from execution and from any appropriation to public purposes, for the sole purposes of a cemetery not exceeding eighty acres, which shall be exempt from taxation if intended to be used exclusively for burial purposes, and in no wise with a view to profit of the members of such association.'' Rem. Comp. Stat., § 3766.

It further provides that burial lots sold by such association shall be kept for the sole purposes of interment, ''and shall be exempt from taxation,'' execution and other methods of forced sale. It also provides that all such associations shall have power to inclose, improve and adorn the grounds owned by it and used exclusively for cemetery purposes, and to erect buildings thereon for the use of the association; and provides that it may receive funds in trust, the income from which shall be used

''. . . for the improvement or embellishment of such cemeteries, or the erection or preservation of any buildings, structures, fences or walks erected or to be erected upon the lands of such cemetery associations . . .'' Rem. Comp. Stat., § 3770.

The general statute relating to assessment and taxation (Rem. Comp. Stat., § 11104) also provides:

''All property described in this section to the extent herein limited, shall be exempt from taxation, that is to say: First. All lands used exclusively for public burying grounds or cemeteries. . . .''

[See, also, Rem. 1927 Sup., § 11097-7.]

The arguments of counsel on the legal questions thought to be involved have taken a somewhat wide range, but we have found it unnecessary to follow them. It seems to us that these questions are comparatively simple. From the facts recited and the statutes to which we have referred, it is at once plain that the appellant's interests in the property are not subject to taxation. It is organized and is functioning as a non-profit corporation within the meaning of the statute. Neither the corporation itself, nor any of its members as such, receives or will receive any profit from the sale of the burial lots, crypts or niches pertaining to the property now remaining unsold. Such sums as the corporation has received or will receive from such sales form a perpetual fund held by it in trust, and it is empowered to use only the interest on the fund, and this use must be confined to the care and upkeep of the cemetery property.

Nor is the question affected by the fact that a part of the cemetery property consists of large, ornate and costly structures. These are but places of sepulture for the dead, and are as much a part of the cemetery proper as are the burial lots themselves. They provide only for another form of burial than burial in the ground. Nor is the form of burial new or beyond the contemplation of the statute. Burial in this manner is as old as recorded history, and the method was common and in use at the time of the adoption of the statute. The fact that the statute may not have used apt terms to describe burial in this manner is of no moment. The language used is general, and is broad enough to include every recognized form of burial.

Nor is the interest the appellant has in the unsold crypts and niches in the buildings assessable against it for the purposes of taxation. In so far as its interests in them are concerned, the crypts and niches are

"intended to be used exclusively for burial purposes, and in no wise with a view to profit of the members of such association," and are expressly exempted from taxation by the statute. Ib. § 3766. We conclude therefore that the trial court was in error in its holding that the unsold crypts and niches were assessable for taxation to the appellant corporation.

The American Necropolis Company was, as we have said, organized under the general statutes, and, while its stated business is to own and operate a burying ground and place of sepulture for the dead, it was organized with the view of making a profit for its stockholders. The property it acquired for its purposes, in so far as it had not been dedicated to a public use or sold to another for the sole purpose of being used as a burial ground—that is to say, the property it possessed at the beginning of an assessment year which it held for the purpose of being sold at a profit—was possibly subject to taxation; and, under the facts here shown, it is possible that the successor in interest of the corporation has a property in the unsold crypts and niches in the structures which is subject to taxation. But these questions we need not determine. The point involved is whether the interests are assessable as property of the appellant, and we have no hesitancy in saying that they are not so assessable. It is the right of the appellant to have the property assessed to its owners, and in such a way that its sale for taxes will not involve the appellant's interests (*In re Sixth Avenue West,* 59 Wash. 41, 109 Pac. 1052, Ann. Cas. 1912 A 1047).

It is our opinion therefore that the trial court erred in its decree in the manner in which it directed the assessment to be recast. They should not be assessed as an integral part of the structures, but as crypts and niches in the structures, so that, if they be sequestered

for the payment of the taxes, the sale will be the reserved interests which the trustee has in them and nothing more.

Whether the appellant is entitled to recover the sum paid as taxes under protest, we are unable to determine from the record as it is presented to us. It appears possible that the trustee, recognizing the liability of his trust for the payment of any taxes lawfully assessed against the structures, paid them out of funds which he held in trust. If this be so, the appellant is not entitled to a judgment for their return. If, however, it did in fact pay them, it is entitled to recover them from the county.

Our order will be, therefore, that the decree appealed from be reversed, and the cause remanded with instructions to determine who made the payment of the taxes in question, and if it be found that the appellant paid them, a judgment will be entered in favor of the appellant and against the county of King for the amount so paid. If it is found otherwise, there will be no recovery for this sum. The court will also enter a decree canceling and setting aside the assessment upon the property in so far as it affects the appellant's interests therein.

MITCHELL, C. J., HOLCOMB, and MAIN, JJ., concur.