[No. 29545. Department One. April 4, 1945.]

THE OAKWOOD COMPANY, *Appellant,* v. TACOMA MAUSOLEUM ASSOCIATION, *Respondent.*[1]

[1]Reported in 157 P. (2d) 595.

*Henry Arnold Peterson,* for appellant.

*Burkey & Burkey* and *C. J. Mentzer,* for respondent.

GRADY, J.—This action, in so far as this court is now concerned, was brought by The Oakwood Company against Tacoma Mausoleum Association to secure a decree of the court enjoining it from maintaining or operating a crematory within any part of its mausoleum located within the city limits of Tacoma, Washington. The court made findings of fact upon which it based a judgment dismissing the action. The Oakwood Company has taken an appeal from the judgment.

The material facts as found by the court, so far as are necessary to a consideration of the appeal, are not in dispute and are as follows:

The Cremation Society of Tacoma originally owned all of the land within the limits of the cemetery referred to in this case. In 1909, the society conveyed to respondent a tract of its land, which is referred to in the record as tract A. About the same time, respondent acquired several lots in Lookout Park Addition to Tacoma immediately adjoining tract A on the south. This tract is referred to in the record as tract B. In 1919, respondent acquired from the society a tract of its cemetery land immediately east of tract A, and it is referred to in the record as tract C. Tracts A, C and B combined made an area approximately the shape of a rectangle. In December, 1924, respondent acquired from one Colby what is referred to as tract D which is located

northeast of tract C. The deeds of tracts A and C contained restrictive clauses against the erection of crematories thereon.

After respondent acquired tract A, it built a mausoleum thereon. In about 1918, respondent built a mausoleum unit on tract B. It was a separate building from the one on tract A, but was connected with the latter by an archway. Later, respondent built a mausoleum unit on tract C, and this was made a continuation of the one on tract A, and in their interior they appeared to be one building. In 1929, an addition was built on tract D. Until 1924, all of the buildings were used solely for the interment of human bodies in crypts, with some slight exceptions not material in this case.

In 1927, the city of Tacoma adopted a freeholders charter, § 138 of which provided as follows:

"The establishment or platting of new cemeteries, the extension of existing cemeteries and the establishment of mausoleums or crematories within the limits of the city is hereby prohibited; provided, that mausoleums or crematories may be established within the limits of existing cemeteries."

In 1940, appellant acquired the cemetery property from the society. In 1942, respondent built a crematory in the mausoleum on tract B. In April, 1944, respondent filed in the office of the auditor of Pierce county a written declaration of dedication of its entire property for cemetery purposes. The present action for an injunction was based upon a claimed violation of the above-quoted charter provision by the establishment of the crematory.

The briefs of the parties and the arguments of their counsel have taken a wide range and many questions have been raised and discussed, but as we have reached the conclusion that § 4 of chapter 247 of the Laws of 1943, p. 743, Rem. Supp. 1943, § 3778-4, is decisive, the others need not be considered. This section reads as follows:

" 'Cemetery' means any one, or a combination of more than one, of the following, in a place used, or intended to be used, and dedicated, for cemetery purposes: (a) A burial

park, for earth interments. (b) A mausoleum, for crypt or vault interments. (c) A columbarium, for permanent cinerary interments."

It will be seen from a reading of the charter provision and giving to the words used their ordinary meaning that, although a mausoleum and a cemetery is each a place of interment, each has a distinct meaning and the words are not synonymous. That each term has a different concept is illustrated by what is said in the cases of *Rea v. Tacoma Mausoleum Ass'n,* 103 Wash. 429, 174 Pac. 961, 1 A. L. R. 541; and *Washelli Cemetery Ass'n v. King County,* 158 Wash. 599, 292 Pac. 101.

The purpose of the charter provision was to forbid the further extension of the areas for burial of dead human bodies beyond existing facilities within the city limits of Tacoma or the establishment of mausoleums or crematories within the city limits, but the proviso thereto provided that they might be established within the limits of existing cemeteries. The public policy to be served was to limit the area of the existing cemeteries within the city limits and prevent the erection of mausoleums and crematories within the city limits outside of the area of cemeteries.

Chapter 247 of the Laws of 1943 is a general and comprehensive act covering the whole field relating to the disposal of human remains after death. It has created a statutory definition of the word "cemetery." The statutory term now means that mausoleums for crypt or vault interments and columbariums for permanent cinerary interments, when used and dedicated for cemetery purposes, are cemeteries just the same as is a tract or area of land where human bodies are buried in the ground.

Section 10 of Art. XI of the constitution provides that cities and all charters thereof framed or adopted by authority of the constitution shall be subject to and controlled by general laws. We have decided that a general statute enacted by the legislature supersedes or modifies provisions of a city charter to the extent that they are in conflict. *Ewing v. Seattle,* 55 Wash. 229, 104 Pac. 259; *State ex rel. Webster v. Superior Court,* 67 Wash. 37, 120 Pac. 861,

L. R. A. 1915C, 287, Ann. Cas. 1913D, 78; *Neils v. Seattle,* 185 Wash. 269, 53 P. (2d) 848; *Dalton v. Clarke,* 18 Wn. (2d) 322, 139 P. (2d) 291.

The first three of these cases cite many others pronouncing the same rule.

■ The city charter authorizes the operation of crematories in cemeteries located within the city limits. No reason has been suggested why a crematory cannot be operated without offense or injury to others in a building used as a mausoleum immediately adjacent to a burial park the same as if it was operated in a building within the limits of such burial park. The legislature having defined places where the remains of the dead are deposited to be cemeteries, it is now lawful for respondent to operate a crematory within the confines of the part of its mausoleums not affected by the restrictive deeds to tracts A and C.

The judgment is affirmed.

BEALS, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.

### ON REHEARING.

[*En Banc.* July 31, 1945.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.

SIMPSON, J., dissents.