Honorable Jeff Gombosky State Representative, 3rd District P.O. Box 40600 Olympia, Washington 98504-0600
Honorable Duane Sommers State Representative, 6th District P.O. Box 40600 Olympia, Washington 98504-0600
Dear Representatives Gombosky and Sommers:
By letter previously acknowledged, you have asked for an opinion on a question we have rephrased as follows:
 QUESTION A first class city has adopted charter amendments converting the city from a city-manager government to a mayor-council form of government. The charter amendments create two new offices (a new strong mayor and a city council president) and call for the initial election of these two officers in conjunction with the state's primary and general election in the year 2000. Although the regular term for these new offices will be four years, the charter amendments provide for initial terms of three years, so that future regular elections for these offices would be held in odd-numbered years, such as 2003, 2007, etc. May the city hold a special election for these two new positions in 2000, in light of RCW 29.13.020, which directs that cities conduct their general elections in odd-numbered years?
 BRIEF ANSWER
RCW 29.13.020 does not preclude a first-class city from conducting a special election (such as for an unexpired term in city office or for an initial "short" term) in conjunction with the state primary and general election in an even-numbered year.
 ANALYSIS
As noted above, your question concerns a proposal to fill two new city offices created in a recent amendment to the charter of a first-class city. The proposal would fill these offices initially through election to "short" three-year terms in 2000 so that these offices would next appear on the ballot in four-year intervals in odd-numbered years, such as 2003, 2007, etc. The charter amendments generally leave elections to be held in odd-numbered years but make an exception for the initial "short" terms for the two offices in question.
Your question is whether the amendments are consistent with RCW 29.13.020(1), which provides that:
 All city, town, and district general elections shall be held throughout the state of Washington on the first Tuesday following the first Monday in November in the odd-numbered years.
Id. Cities of the first class may, through their charters, determine their forms of organization and the manner in which they exercise their powers. Const. art. XI, § 10. See also RCW 35.22.020. However, the Constitution provides that "all charters thereof framed or adopted by authority of this Constitution shall be subject to and controlled by general laws". Const. art. XI, § 10. It is true, therefore, that any general statute would control over an inconsistent provision of a city charter. The Oakwood Co. v. Tacoma Mausoleum Ass'n, 22 Wn.2d 692,157 P.2d 595 (1945), Ewing v. City of Seattle, 55 Wn. 229,104 P. 259 (1909).
RCW 29.13.020 is not, however, inconsistent with the notion of conducting a one-time special city election in an even-numbered year. Subsection (1) of RCW 29.13.020 provides that all city general elections will be held in odd-numbered years. Thus, a city would be precluded from adopting a charter provision or an ordinance providing that, as a general matter, that city would elect its officers in even-numbered years. However, this does not preclude the city from conducting a special election in an even-numbered year.
An election to fill a newly created position is not a "general" election as defined in statute, but rather a "special" election. RCW 29.01.070 (defining "general election") and RCW 29.01.170 (defining "special election"). Special elections are governed by subsection (2) of RCW 29.13.020, which provides as follows:
 The county auditor, as ex officio supervisor of elections, upon request in the form of a resolution of the governing body of a city, town, or district, presented to the auditor at least forty-five days prior to the proposed election date, may, if the county auditor deems an emergency to exist, call a special election in such city, town, or district. Except as provided in subsection (3) of this section, such a special election shall be held on one of the following dates as decided by the governing body:
 (a) The first Tuesday after the first Monday in February;
(b) The second Tuesday in March;
(c) The fourth Tuesday in April;
(d) The third Tuesday in May;
 (e) The day of the primary election as specified by RCW 29.13.070; or
 (f) The first Tuesday after the first Monday in November.
Id. Nothing in this section limits special elections in cities or towns to odd-numbered years. Therefore, it is clear that a special election — that is, one not conducted to fill a regular term — is not a "general" election as that term is used in RCW 29.13.020(1).
Furthermore, in a closely related situation — a special election to fill an unexpired term — the Legislature has exempted cities of the first class from a general requirement that such city elections be conducted in odd-numbered years. RCW 29.21.410 provides as follows:
 Whenever it shall be necessary to hold a special election to fill an unexpired term of an elective office of any city, town, or district, such special election shall be held in concert with the next general election which is to held by the respective city, town, or district concerned for the purpose of electing officers to full terms: PROVIDED, That this section shall not apply to any city of the first class whose charter provision relating to elections to fill unexpired terms are inconsistent herewith.
Id. Were we discussing a city of another class, this language would require that any election to fill a vacancy be conducted "in conjunction" with the city's next general election, which would be in an odd-numbered year because of RCW 29.13.020(1), discussed above. However, this
 statute applies only to one type of special election: an election to fill vacancies. It does show, however, that the Legislature tends to be deferential to charter cities in determining such things as the timing of city elections.
We conclude that a city of the first class may conduct a special election in any year, with the consent of the county auditor, to fill offices newly created by amendments to the city charter, and that city elections to be conducted in conjunction with the state primary and general elections in 2000 are not inconsistent with state statutory law.
Very truly yours,
JAMES K. PHARRIS Senior Assistant Attorney General