[No. 48138-0-I. Division One. April 8, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. J.P., *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Summers* and *Brian M. McDonald, Deputies,* for appellant.

*Elaine L. Winters* (of *Washington Appellate Project*), for respondent.

AGID, J. — The Juvenile Court denied the State's request for restitution for the victim's crime-related counseling in this assault case, holding that a recent amendment to the definition of restitution in the Juvenile Justice Act of 1977 (JJA) limits restitution for counseling to sex offenses. The State argues that the disposition section of the JJA, which contains no such limitation, controls and the trial court erred in denying restitution. J.P. asserts both that the trial court's interpretation of the JJA is correct and that, in any event, the State may not appeal juvenile restitution orders. We hold that RAP 2.2(b)(6) permits the State to appeal the trial court's order. Because the JJA is to be liberally construed in favor of restitution and the amendment on which the trial court relied was intended to increase penalties for sex offenses rather than limit penalties for other offenses, the trial court should have ordered restitution for counseling in this case. We therefore reverse.

## FACTS

Fourteen-year-old J.P. was convicted of fourth degree assault. The State requested restitution in the amount of $560.74 for the victim's counseling after the assault. The trial court denied the State's request, asserting that RCW 13.40.020(22), the section of the JJA that defines restitution, limits it to a victim's counseling costs in sex offenses.

After the court denied its untimely motion for reconsideration, the State appealed.

## DISCUSSION

### Appeal of Juvenile Restitution Orders

 Initially, J.P. maintains that the State may not appeal from juvenile restitution orders because they are not included in the orders that may be appealed under RAP 2.2(b). The State contends that under *State v. A.M.R.*,[1] it may appeal a juvenile restitution order under RAP 2.2(b)(6).[2]

This same issue was decided in *A.M.R.* There, we held that

> RAP 2.2(b)(6) does grant the State an appeal of sentences in criminal cases where the State alleges a miscalculation occurs in determining the standard range. The disposition of a juvenile offender is appealable in the same manner as criminal cases. . . . [R]estitution is part of a criminal sentence, especially in juvenile cases.[3]

We further stated:

> The authority to impose restitution is found in RCW 13.40.190, which mandates that a court order a juvenile offender "to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." Further, where justice demands, . . . we will not determine cases or issues solely on the basis of compliance or noncompliance with the rules. This court will review the trial

---

[1] 108 Wn. App. 9, 27 P.3d 678 (2001).

[2] RAP 2.2(b) provides in pertinent part:

[T]he State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:

. . . .

(6) *Sentence in Criminal Case.* A sentence in a criminal case which is outside the standard range for the offense or which the state or local government believes involves a miscalculation of the standard range.

[3] *A.M.R.*, 108 Wn. App. 9, at 11-12 (footnotes omitted).

court's alleged abuse of discretion in failing to award the full amount of restitution because the statute requires the juvenile court to perform an act it is apparently refusing to perform.[4]

J.P.'s arguments were all made and rejected in *A.M.R.* But J.P. now argues that we should not follow *A.M.R.* because RAP 2.2(b)(6) applies to adult, rather than juvenile, dispositions and thus cannot permit the State's appeal. We disagree. *A.M.R.*'s holding is based on more than RAP 2.2(b)(6). As the quotation above indicates, we also held the State could appeal because a juvenile offender's disposition is appealed in the same way as adult criminal cases[5] and restitution is an integral part of a criminal sentence, especially in juvenile cases.[6] Finally, we rely on RAP 1.2(a), which provides that we will liberally interpret the rules "to promote justice and facilitate the decision of cases on the merits." Where, as here, we must determine whether the restitution provisions of the JJA are as limited as the trial court held they were, it is appropriate to decide the legal issue on the merits. Accordingly, we agree with *A.M.R.* and hold that the State can appeal the trial court's order denying restitution in a juvenile case under RAP 2.2(b)(6).

## Restitution for Counseling Costs

The State maintains that the trial court erred in denying restitution for the victim's counseling, asserting that the disposition section of the JJA, RCW 13.40.190, authorizes it. J.P. contends that the trial court properly based its decision on RCW 13.40.020(22), which it held limits restitution to "sex offenses." In *State v. Landrum*, we anticipated the problem presented here, noting that "by adopting the 1990 amendment [to RCW 13.40.020(22)], the Legislature created yet another ambiguity in the JJA by arguably

---

[4] *Id.* at 12 (footnotes omitted).

[5] *Id.* (citing *State v. J.W.*, 84 Wn. App. 808, 811, 929 P.2d 1197 (1997)).

[6] *Id.*

limiting its grant of authority to impose restitution for counseling to sex offense cases."[7]

The disposition section, RCW 13.40.190(1), provides in part:

> In its dispositional order, the court *shall require* the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . . *Restitution may include the costs of counseling reasonably related to the offense.*[8]

Restitution is defined under RCW 13.40.020(22) in part as follows:

> "Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, lost wages resulting from physical injury, and *costs of the victim's counseling reasonably related to the offense if the offense is a sex offense.*[9]

The italicized portion of the restitution definition was added by the Community Protection Act of 1990 (CPA), a statute designed to increase penalties for sex offenses.[10] We did not have to reach the issue in *Landrum* because the offenses at issue there were sex offenses.

Both parties devote major portions of their briefs arguing various conflicting rules of statutory construction which they contend support their interpretation of the statute. The State maintains that RCW 13.40.190, the disposition section, controls because (1) it is unambiguous and specific, (2) it is later in order, (3) the JJA is to be liberally construed in favor of imposing restitution, and (4) legislative history indicates no intent to limit counseling restitution to victims of "sex offenses." J.P. contends that RCW 13.40.020(22)

---

[7] 66 Wn. App. 791, 799 n.10, 832 P.2d 1359 (1992).

[8] (Emphasis added.)

[9] (Emphasis added.)

[10] FINAL LEGISLATIVE REPORT, 2SSB 6259, 51st Leg., Reg. Sess., 142 (Wash. 1990).

controls because (1) it is unambiguous, (2) it is more specific and more recently enacted, and (3) the statutory definition of restitution controls throughout chapter 13.40 RCW. We decline to resolve the issue by using the statutory construction rules for two reasons. First, they can be applied to reach the results argued by both parties. Second, neither provision is ambiguous, so the focus of our inquiry must be on determining the intent of the Legislature in enacting them.

Statutes should be construed to effect the legislative purpose and to avoid unlikely, strained or absurd results. We look to the purposes of the act to determine legislative intent.[11] Two basic goals of the JJA and its restitution provisions are to make juveniles accountable for their actions and to provide restitution to crime victims.[12] Further, the restitution provisions of the JJA are to be liberally construed in favor of imposing restitution.[13] The trial court's ruling frustrates the overall purpose of the JJA by allowing J.P. to escape responsibility for the results of his actions and leaving his victim without compensation for her injuries. Its construction would also render the counseling restitution provision practically meaningless by restricting it to a very narrow class of victims.

Both RCW 13.40.190 and 13.40.020(22) were enacted in 1977 as part of the same legislation without

---

[11] *See State v. L.W.*, 101 Wn. App. 595, 602, 6 P.3d 596 (2000).

[12] RCW 13.40.010(2) provides in pertinent part:

It is the further intent of the legislature that youth, in turn, be held accountable for their offenses . . . . To effectuate these policies, the legislature declares the following to equally important purposes of this chapter:

. . . .

(c) Make the juvenile offender accountable for his or her criminal behavior;

. . . .

(h) Provide for restitution to victims of crime[.]

[13] *See Landrum*, 66 Wn. App. at 795 (citing *State v. Barrett*, 54 Wn. App. 178, 179, 773 P.2d 420 (1989); *State v. Vinyard*, 50 Wn. App. 888, 895, 751 P.2d 339 (1988)).

mentioning restitution for counseling costs.[14] The Legislature amended RCW 13.40.190 in 1987, adding the following sentence: "Restitution may include the costs of counseling reasonably related to the offense."[15] Three years later, the Legislature amended RCW 13.40.020(22) by adding the clause "and costs of the victim's counseling reasonably related to the offense if the offense is a sex offense."[16] The amendment to RCW 13.40.020(22) was one of many provisions of the CPA designed to increase punishment for sex offenses.[17] That act did not focus on restitution. The amendment to RCW 13.40.020(22) was a very minor part of it.

The State asserts that because the legislative intent behind the amendment to RCW 13.40.020(22) was to enhance community protection by increasing punishment of sex offenders, there is no apparent legislative intent to limit restitution for other offenses. The State also asserts that by failing to amend RCW 13.40.190 in 1990 when it amended 13.40.020(22), the Legislature did not intent to change or limit the disposition provision. We agree. As we stated in *Landrum*, "[t]he focus of the [community protection] act was on sex offenses, not on restitution in general."[18] And there is no evidence that the Legislature intended to repeal or limit its 1987 amendment to RCW 13.40.190 and prohibit restitution for counseling arising from crimes other than sex offenses. Finally, RCW 13.40.020(22) is not controlling because "[d]efinitions are often general in nature and do not necessarily include every aspect of the term as it is later used in the substantive provisions of a statute."[19] We conclude that the only interpretation of the 1990 amendment to RCW 13.40.020(22) which comports with the leg-

---

[14] Laws of 1977, 1st Ex. Sess., ch. 291, §§ 56, 73.

[15] Laws of 1987, ch. 281, § 5.

[16] Laws of 1990, ch. 3, § 301(17).

[17] Final Legislative Report, 2SSB 6259, 51st Leg., Reg. Sess., 142 (Wash. 1990).

[18] 66 Wn. App. at 799 n.9.

[19] *Id.* at 796.

islative purpose of the JJA and the CPA is that it was intended to assure that victims of sex offenses would receive restitution. To interpret it as a limitation on restitution for counseling for victims of other crimes would contradict the intent of the Legislature.

Our interpretation of the JJA gains support from the Sentencing Reform Act of 1981 (SRA) equivalent adult statutes, former RCW 9.94A.140(1) (1997)[20] and RCW 9.94A-.030(33) (1999),[21] neither of which limits restitution for counseling to victims of sex offenses. Courts may use SRA case law for guidance where there is no contrary intent and the purposes of the JJA and SRA are consistent.[22] Had the Legislature intended to limit restitution for counseling to sex offenses it would have amended the adult restitution statute as well.

Reversed and remanded to the trial court to consider the State's restitution request.

COLEMAN and SCHINDLER, JJ., concur.

Reconsideration denied May 15, 2002.

Review granted at 148 Wn.2d 1001 (2003).

---

[20] Recodified at RCW 9.94A.750(1) (2000).

[21] Recodified at RCW 9.94A.030(34) (2000).

[22] *State v. P.B.T.*, 67 Wn. App. 292, 302, 834 P.2d 1051 (1992) (citing *State v. Wall*, 46 Wn. App. 218, 221, 729 P.2d 656 (1986)), *review denied*, 120 Wn.2d 1021 (1993).