69 P.3d 318 (2003)
149 Wash.2d 444
STATE of Washington, Respondent,
v.
J.P., b.d. 12-05-85, Petitioner.
No. 72730-9.
Supreme Court of Washington, En Banc.
Argued March 25, 2003.
Decided May 22, 2003.
*319 Elaine Winters, Washington Appellate Project, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Ann Summers, Brian McDonald, Deputy County Prosecutors, for Respondent.
OWENS, J.
Juvenile offender J.P. contends that the Court of Appeals erred in ordering him to make restitution for his assault victim's counseling expenses. J.P. maintains that, because the statutory definition of "restitution" specifies that restitution "shall be limited to... costs of the victim's counseling reasonably related to the offense if the offense is a sex offense," the juvenile court is not permitted to order restitution when, as in his case, the crime is not a sex offense. RCW 13.40.020(22) (emphasis added); see also RCW 13.40.020(25) (defining "sex offense"). The trial court agreed with J.P., but the Court of Appeals reversed, holding that the Juvenile Justice Act of 1977(JJA), chapter 13.40 RCW, must be liberally construed in favor of imposing restitution. State v. J.P., 111 Wash.App. 105, 107, 43 P.3d 544 (2002). Because we conclude that the legislature's more recent, more specific provision must be given effect, we must reverse the Court of Appeals decision and reinstate the trial court's order denying restitution.

FACTS
On June 1, 2000, 14-year-old J.P. was charged, pursuant to RCW 9A.36.041, with fourth degree assault with sexual motivation, a gross misdemeanor.[1] The charges arose out of an incident occurring on March 9, 2000, involving J.P. and two other uncharged juveniles. J.P. was found guilty at a fact-finding hearing on October 17, 2000, and a disposition order was filed November 17, 2000. The disposition order did not set a restitution hearing, but on January 11, 2001, the State requested a hearing, asking the court to order restitution of $560.74 for the victim's counseling expenses. At the hearing on January 29, 2001, the court denied the State's request for restitution. The court concluded that the statutory definition of "restitution" specifically limited restitution to the "costs of the victim's counseling reasonably related to the offense if the offense is a sex offense." RCW 13.40.020(22) (emphasis added); see Report of Proceedings (RP) at 6. In the court's view, the specific definition "controls the more general language" in RCW 13.40.190(1) that "[r]estitution may include the costs of counseling reasonably related to the offense." RP at 6. On February 13, 2001, the court denied the State's motion for reconsideration:
[O]n the merits, the court concludes that RCW 13.40.020(22) controls here and limits restitution for counseling to sex offenses. RCW 13.40.020(22) is both more specific and was inacted [sic] more recently than the more permissive and more general language in RCW 13.40.190(1). Thus, while the court believes that the victim's emotional injuries were very real and the counseling was necessary, it concludes that the law does not permit recovery in this criminal proceeding.
Clerk's Papers at 27.
The State appealed, and Division One of the Court of Appeals reversed, holding that, "[b]ecause the JJA is to be liberally construed in favor of restitution and the amendment on which the trial court relied was intended to increase penalties for sex offenses *320 rather than limit penalties for other offenses, the trial court should have ordered restitution for counseling in this case." State v. J.P., 111 Wash.App. at 107, 43 P.3d 544.
We granted J.P.'s petition for review.

ISSUE
Did the Court of Appeals properly conclude that a juvenile court has statutory authority to order an offender to pay restitution for the costs of a victim's crime related counseling even if the crime was not a sex offense?

ANALYSIS
Standard of Review. Review of a juvenile court's restitution order is limited to whether statutory authority exists for the imposed restitution. State v. Landrum, 66 Wash.App. 791, 795, 832 P.2d 1359 (1992). J.P. contends that the Court of Appeals erroneously concluded that RCW 13.40.190(1) permits a juvenile court to impose restitution for a victim's crime related counseling when the crime was not a sex offense. The interpretation of a statute is a question of law and is therefore reviewed de novo. State v. Schultz, 146 Wash.2d 540, 544, 48 P.3d 301 (2002).
Principles of Statutory Interpretation. Our primary duty in interpreting any statute is to discern and implement the intent of the legislature. Nat'l Elec. Contractors Ass'n v. Riveland, 138 Wash.2d 9, 19, 978 P.2d 481 (1999). Our starting point must always be "the statute's plain language and ordinary meaning." Id. When the plain language is unambiguousthat is, when the statutory language admits of only one meaningthe legislative intent is apparent, and we will not construe the statute otherwise. State v. Wilson, 125 Wash.2d 212, 217, 883 P.2d 320 (1994). Just as we "cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language," State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003), we may not delete language from an unambiguous statute: "`Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999) (quoting Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996)). The plain meaning of a statute may be discerned "from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 11, 43 P.3d 4 (2002); State v. Clausing, 147 Wash.2d 620, 630, 56 P.3d 550 (2002) (Owens, J., dissenting) (noting that "[a]pplication of the statutory definitions to the terms of art in a statute is essential to discerning the plain meaning of the statute"). Where we are called upon to interpret an ambiguous statute or conflicting provisions, we may arrive at the legislature's intent by applying recognized principles of statutory construction. A kind of stopgap principle is that, in construing a statute, "a reading that results in absurd results must be avoided because it will not be presumed that the legislature intended absurd results." Delgado, 148 Wash.2d at 733, 63 P.3d 792 (Madsen, J., dissenting) (citing, among other cases, State v. Vela, 100 Wash.2d 636, 641, 673 P.2d 185 (1983)).
Statutory Provisions at Issue. RCW 13.40.190(1) provides in its opening sentence that, "[i]n its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." (Emphasis added.) The breadth of that statement was narrowed in the statutory definition of "restitution," which identified the types of economic loss for which restitution could be ordered:
"Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses. Nothing in this chapter shall limit or replace *321 civil remedies or defenses available to the victim or offender.
Former RCW 13.40.020(17) (1977) (emphasis added). In 1987, the legislature inserted the following sentence into the provision describing the dispositional order: "Restitution may include the costs of counseling reasonably related to the offense." Laws of 1987, ch. 281, § 5(1) (emphasis added); RCW 13.40.190(1). When the legislature added this statement to RCW 13.40.190(1), permitting the court to order restitution for counseling costs, the legislature nevertheless left unchanged the definition of "restitution," which specifically "limited" reimbursement to the "easily ascertainable" costs for property damage, medical expenses for physical injury, and lost wages for physical injurythree categories that simply do not encompass counseling costs. Former RCW 13.40.020(17).
In its 1992 Landrum decision, Division One of the Court of Appeals recognized that the amendment to RCW 13.40.190(1) conflicted with the definition of "restitution" in former RCW 13.40.020(17). 66 Wash.App. at 795-96, 832 P.2d 1359. The Landrum court (which necessarily focused on the pre-1990 definition since the offenses had occurred in 1989) then applied two canons of statutory construction to resolve the conflict: (1) "the statutory provision that appears latest in order of position prevails unless the first provision is more clear and explicit than the last," and (2) "the latest enacted provision prevails when it is more specific than its predecessor." Id. at 796-97, 832 P.2d 1359 (citing State ex rel. Graham v. San Juan County, 102 Wash.2d 311, 320, 686 P.2d 1073 (1984); Citizens for Clean Air v. City of Spokane, 114 Wash.2d 20, 37, 785 P.2d 447 (1990)). The court observed that the amendment permitting restitution for counseling was later in position (i.e., because RCW 13.40.190 comes after RCW 13.40.020) and was "clear and specific as to counseling"; moreover, as the court noted, the 1987 amendment to RCW 13.40.190(1) had occurred later in time than the 1977 enactment of the definition. Landrum, 66 Wash.App. at 797, 832 P.2d 1359. The Landrum court thus gave effect to the 1987 amendment to RCW 13.40.190(1), even though the definition section in effect in 1987 limited restitution to three categories of expenses, none of which included psychological counseling.[2]
In 1990, the legislature did amend the "restitution" definition, adding to the existing three categories a fourth: "and costs of the victim's counseling reasonably related to the offense if the offense is a sex offense." Laws of 1990, ch. 3, § 301(17); RCW 13.40.020(22). This amendment thereby adopted from the 1987 amendment to RCW 13.40.190(1) the phrase "costs of counseling reasonably related to the offense." Had the 1990 amendment simply stopped there, it would have corrected the seeming oversight in the 1987 legislation, clearing up the problem that had faced the Landrum court; the statutory definition of "restitution" would have acknowledged that one of the limited areas for which restitution could be ordered was psychological counseling. But the 1990 amendment did not stop there; rather, it went on to narrow the fourth category of restitution to the costs of counseling "if the offense is a sex offense." Id. And therein lies the problem in the present case. Anticipating this particular problem, the Landrum court (though dealing with pre-1990 offenses) stated in a footnote "that, by adopting the 1990 amendment, the Legislature created yet another ambiguity in the JJA by arguably limiting its grant of authority to impose restitution for counseling to sex offense cases."[3]
*322 Construing the Statutory Authority. Whether a juvenile court may order restitution in nonsex offense cases cannot be determined from the plain meaning of RCW 13.40.190(1). Because RCW 13.40.190(1) uses the word "restitution," the statutory definition of "restitution" in RCW 13.40.020(22) is, in effect, embedded in RCW 13.40.190(1). In other words, understanding the plain meaning of RCW 13.40.190(1) necessitates reading the subsection in light of the definition in RCW 13.40.020(22). As discussed above, the disposition statute broadly provides that restitution "may include" counseling costs, while the "restitution" definition specifies that restitution "shall be limited to" counseling costs arising from sex offenses. RCW 13.40.190(1), .020(22). The definition thus contradicts the broad, permissive statement in RCW 13.40.190(1), producing either an ambiguous statute or conflicting provisions.[4]
To construe 13.40.190(1) and.020(22), we turn to the canons of statutory construction that the Landrum court applied to RCW 13.40.190(1) and the pre-1990 version of RCW 13.40.020(22). Under the first canon of construction, the provision coming later in the chapter must prevail so long as it is more specific than the provision occurring earlier in the sequence. The initial step in applying this canon is determining which of the two provisions is more specific. The Landrum court was able to say that RCW 13.40.190(1) was more specific because, unlike the pre-1990 definition of "restitution," RCW 13.40.190(1) specifically addressed counseling costs. But the opposite outcome is required in the present case because, while RCW 13.40.190(1) addresses counseling costs, the 1990 amendment to the definition repeats the language from RCW 13.40.190(1) and then makes it more specific by narrowing the focus to counseling costs for sex offenses. Thus, because RCW 13.40.020(22) is more specific than RCW 13.40.190(1), the canon of statutory construction that grants deference to the higher-numbered provision cannot apply in this case. The second canon of construction relied on in Landrum says that the more recent provision prevails if it is more specific than its predecessor. The RCW 13.40.020(22) provision was enacted three years after the amendment to RCW 13.40.190(1) and, as discussed, is more specific. Consequently, under the principles of construction relied on in the 1992 Landrum decision, the RCW 13.40.020(22) statement must prevail, limiting restitution for counseling to sex offenses. Given that the legislature has been on notice since the Landrum decision that the conflict existed and that these two canons of statutory construction had been applied, the legislature's failure to remedy the conflict may be taken as acquiescence to this outcome. Dep't of Transp. v. State Employees' Ins. Bd., 97 Wash.2d 454, 462-63, 645 P.2d 1076 (1982); Friends of Snoqualmie Valley v. King County Boundary Review Bd., 118 Wash.2d 488, 496-97, 825 P.2d 300 (1992); see also State v. Blilie, 132 Wash.2d 484, 492, 939 P.2d 691 (1997) (noting that "[b]oth the Legislature and this court are presumed to know the rules of statutory construction").
The Court of Appeals offered two unconvincing reasons for eschewing the canons it had previously applied in Landrum: "First, they can be applied to reach the results argued by both parties. Second, neither provision is ambiguous, so the focus of our inquiry must be on determining the intent of the Legislature in enacting them." J.P., 111 Wash.App. at 111, 43 P.3d 544. As to the first reason, it is unclear how the State could convincingly invoke the applicable canons, given that the 1990 amendment is unquestionably more specific and more recent than RCW 13.40.190(1).[5] While undeniably parties often draw on contradictory canons, such is not the circumstance here, where the parties *323 are applying the same canon but disputing which of the statutory provisions is indeed more specific. More troublesome is the court's second reason for rejecting the Landrum canonsits claim that neither provision is ambiguous. Even if this court were to accept the view that there is no ambiguity here because each provision, RCW 13.40.190(1) and .020(22), is intrinsically clear, it would not follow that the court could not rely on canons of statutory construction. The canons that the Landrum court applied were intended to identify legislative intent in the face of two conflicting statutes that are, in isolation, clear and unambiguous.
Having rejected the applicable canons, the Court of Appeals purported to discover the legislative intent underlying RCW 13.40.190(1) by relying on some general provisions and principles. First, as the Court of Appeals noted, two aims of the legislature's 1977 enactment of the JJA were to "[m]ake the juvenile offender accountable for his or her criminal behavior" and to "[p]rovide for restitution to victims of crime." RCW 13.40.010(2)(c), (h). These general expressions of intent, however, do not negate the legislature's intent, evident in the definition of the term "restitution," to limit restitution to certain types of crime related costs. Second, the Court of Appeals stated that "the restitution provisions of the JJA are to be liberally construed in favor of imposing restitution," but the authorities cited do not suggest that liberal construction requires expanding the legislature's definition of "restitution." J.P., 111 Wash.App. at 111, 43 P.3d 544 (citing State v. Barrett, 54 Wash.App. 178, 179, 773 P.2d 420 (1989) (finding a sufficient nexus between the crime of taking a vehicle without permission and the property damage occurring after the vehicle's abandonment); State v. Vinyard, 50 Wash.App. 888, 895, 751 P.2d 339 (1988) (observing that, while the legislature intended liberal construction of restitution provisions, "it is reasonable to believe it did not intend to provide victims a blank check")).
Finally, the Court of Appeals reasoned that, because the 1990 amendment was part of the community protection act of 1990, which was intended to enhance punishment for sex offenses,[6] the amendment could not have been intended to eliminate restitution for nonsex offenses. The Court of Appeals contended that restricting counseling restitution to victims of sex offenses was an absurd result, one that the legislature therefore could not have intended. However, we find merit in J.P.'s assertion that the legislature's decision to limit restitution to sex offenses "is not so absurd that this Court should write the words, `if the offense is a sex offense' out of RCW 13.40.020(22)." Suppl. Br. of Pet'r at 12. As J.P. observes, from its inception the definition of "restitution" had narrowed the types of losses that could be compensated (for example, to medical expenses for physical injury). J.P. also suggests that, because the legislature's narrowing of the "restitution" definition to "sex offenses" was accompanied by an expansion of the crimes listed as "sex offenses," the restriction was to some degree mitigated, and as he also notes, in any case, the 1990 amendment did not leave victims without a civil remedy for losses arising from nonsex offenses. Id. at 11-12. Moreover, we are not persuaded that, because the Sentencing Reform Act of 1981, chapter 9.94A RCW, does not similarly limit counseling restitution to sex offenses,[7] the restriction in the JJA to sex offenses is patently absurd; the legislature may have conceivably based the distinction on its perception that juveniles have more limited financial resources and that counseling requests in juvenile cases are more likely to arise from sex offenses.

CONCLUSION
We are mindful of the trial judge's observation that the victim of this misdemeanor assault with sexual motivation needed counseling. We regret, as did the trial judge, that the legislature's most recent, most specific definition of "restitution" in the JJA explicitly limits compensation for counseling to victims *324 of felony sex offenses. Although we may wish that the legislature had not said what it did say, we cannot simply wish away the legislature's specific statement that restitution "shall be limited to ... costs of the victim's counseling reasonably related to the offense if the offense is a sex offense." RCW 13.40.020(22) (emphasis added). If restitution for counseling is to be available to victims of juvenile crimes that are not sex offenses, the legislature, not the courts, must delete this statutory language that says otherwise.
We reverse the Court of Appeals and reinstate the trial court's denial of the State's restitution request.
WE CONCUR: ALEXANDER, C.J., JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, FAIRHURST, JJ.
NOTES
[1] Clerk's Papers at 1. The offense was not a "sex offense" as defined in RCW 13.40.020(25): "`Sex offense' means an offense defined as a sex offense in RCW 9.94A.030." All crimes defined as sex offenses in RCW 9.94A.030 are felonies.
[2] The Landrum court claimed that "[t]he pre-1990 definition section neither provides for nor excludes restitution for counseling expenses." 66 Wash.App. at 796, 832 P.2d 1359. While plainly the definition did not "provide[] for" restitution, the court's claim that the definition did not "exclude[]" restitution disregards the provision's plain language mandating that restitution "shall be limited to" the three categories of expenses.
[3] Landrum, 66 Wash.App. at 799 n. 10, 832 P.2d 1359. Although their offenses predated the 1990 amendment to the definition, the juvenile offenders had invited the court to look to the amendment for legislative intent; however, because the offenses at issue in Landrum were sex offenses (both were charged with first degree child molestation), the court was not obliged to resolve the issue of whether the legislature intended to limit restitution to counseling for sex offenses. Id. at 799, 832 P.2d 1359.
[4] Either RCW 13.40.190(1) itself, when expanded by the statutory definition of "restitution," is ambiguous, or RCW 13.40.190(1) and .020(22) constitute conflicting provisions.
[5] The Court of Appeals also suggests that RCW 13.40.020(22) "is not controlling because `[d]efinitions are often general in nature,'" but here the 1990 amendment to the definition is demonstrably more specific than the 1987 addition to RCW 13.40.190(1): the 1990 amendment takes the 1987 amendment as its basic declaration and adds to it a qualifying clause. J.P., 111 Wash. App. at 112, 43 P.3d 544 (quoting Landrum, 66 Wash.App. at 796, 832 P.2d 1359).
[6] J.P., 111 Wash.App. at 110 n. 10, 43 P.3d 544 (citing FINAL LEGISLATIVE REPORT, 51st Leg. Sess., 2SSB 6259, at 142 (Wash.1990)).
[7] Id. at 113, 43 P.3d 544 (citing former RCW 9.94A.140(1); RCW 9.94A.030(33)).