# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73025-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRUNO MOLINA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 19, 2016 |

VERELLEN, A.C.J. — A trial court may order restitution if the State proves that the victim's "loss or damage" would not have occurred "but for" the crime.[1] "Washington does not require proof of proximate cause as that term is used in tort law."[2] Bruno Molina pleaded guilty to one count of attempting to elude police vehicles. The trial court ordered restitution for "damage" to several patrol cars, a parked car, and a stolen car driven by Molina after he led police officers on a high-speed chase. Had Molina not attempted to elude police vehicles, officers would not have rammed the stolen car that in turn collided with a parked car. We conclude Molina's conduct in attempting to elude police vehicles was a "but for" cause of the damages.

We affirm the trial court's restitution order.

---

[1] RCW 13.40.190(1)(a).

[2] State v. Harris, 181 Wn. App. 969, 971, 327 P.3d 1276 (2014).

## FACTS

The material facts are undisputed. When a police officer saw Molina driving a stolen car, the officer activated his overhead lights and siren. Molina sped away. He exceeded the speed limit, ran red lights and stop signs, and drove into oncoming traffic. In an effort to disable Molina's car, an officer rammed Molina's car and caused it to momentarily stop. Molina regained control and sped away.

Multiple officers joined the pursuit. An officer rear-ended Molina's car, causing it to hit several parked cars. Molina regained control and sped away. Another officer slammed into Molina's car but was unable to stop him. Finally, an officer disabled Molina's car by ramming into it.

The State charged Molina with one count of attempting to elude a police vehicle and one count of hit and run. Molina pleaded guilty to attempting to elude a police vehicle, and the State dismissed the hit and run charge. The State sought restitution for damages caused during the police pursuit. Over defense objection, the trial court imposed restitution of $74,948.55 for damages to three patrol cars, the stolen car, and one parked car. The trial court denied Molina's motion for reconsideration.

Molina appeals the order of restitution.

## ANALYSIS

Molina challenges the trial court's restitution order. He contends he did not directly cause any loss or damage to property as a result of his conviction for attempting to elude a police vehicle. We disagree.

2

We review a restitution order for abuse of discretion.[3] A trial court abuses its discretion if its restitution order is not authorized by statute.[4]

A trial court's authority to impose restitution is statutory.[5] Restitution applies if a crime results in any "loss or damage" to property.[6] Restitution is allowed only for property losses or damages that are causally connected to the crime for which the defendant is convicted.[7] "Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss."[8]

A defendant can be held liable for losses resulting from charged criminal acts, even if the offense of conviction does not require or take into account those losses.[9] State v. Hiett is instructive.[10] There, after two juveniles jumped from a stolen car, the driver and another passenger crashed into a truck and a storefront. The three passengers were convicted of taking a motor vehicle without permission. The juveniles who jumped, along with the driver and the passenger who remained in the car, were ordered to pay restitution for damages resulting from the crash.

---

[3] State v. Landrum, 66 Wn. App. 791, 795, 832 P.2d 1359 (1992).

[4] State v. Horner, 53 Wn. App. 806, 807, 770 P.2d 1056 (1989).

[5] State v. Deskins, 180 Wn.2d 68, 81, 322 P.3d 780 (2014).

[6] RCW 13.40.190(1)(a).

[7] State v. Griffith, 164 Wn.2d 960, 965-66, 195 P.3d 506 (2008).

[8] Id. at 966.

[9] See, e.g., State v. Thomas, 138 Wn. App. 78, 83, 155 P.3d 998 (2007) (defendant convicted of driving under the influence, but acquitted of vehicular assault, was properly ordered to pay restitution for passenger's injuries); Landrum, 66 Wn. App. at 799-80 (restitution for victim's sex abuse counseling was proper even though defendants pleaded to lesser charges of fourth degree assault).

[10] 154 Wn.2d 560, 115 P.3d 274 (2005).

The Supreme Court affirmed the restitution order. The court applied a "but for" test to determine the causal link between the conviction and the damage: but for taking the car, the crash and the resulting damage to the car and to the property would not have occurred.[11] The court concluded that the damage would not have occurred but for taking the car.[12]

Molina pleaded guilty to attempting to elude a police vehicle. The $74,948.55 restitution order was based on the damage to the stolen car, the patrol cars, and a parked car. Similar to Hiett, but for Molina's attempt to elude police vehicles, officers would not have needed to disable Molina's car, which resulted in the damage to the cars.

Foreseeability is not required for a restitution order.[13] But even if it were, the damages sustained here to the police cars, the stolen car, and a parked car "were a foreseeable consequence" of Molina's conduct.[14] To the extent Molina suggests the loss or damage to property was not proximately caused by his conduct, he cites no authority for a proximate cause standard.[15]

---

[11] Id. at 566.

[12] Id.

[13] State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007); State v. Enstone, 137 Wn.2d 675, 677, 974 P.2d 828 (1999).

[14] Hiett, 154 Wn.2d at 564.

[15] Molina's reliance on State v. Bauer, 180 Wn.2d 929, 329 P.3d 67 (2014), is misplaced. In an entirely different context, the Bauer court held "'legal cause' in criminal cases differs from, and is narrower than, 'legal cause' in torts cases in Washington." Id. at 940. The Bauer court did not address the causal relationship required for restitution.

Molina's reliance on State v. Hartwell is unavailing.[16] There, the defendant was convicted of hit and run for leaving the scene of an accident and was ordered to pay restitution for the victims' injuries. The Hartwell court reversed the restitution order because the victim's injuries occurred before the defendant left the scene of the accident: "Had Hartwell stayed at the scene, thereby not committing the offense, the injuries presumably would have been the same."[17] Unlike Hartwell, Molina's attempt to elude police vehicles set in motion the events that caused the officers to ram Molina's car into a parked car.

## CONCLUSION

We conclude the damages to several police cars, a parked car, and the stolen car driven by Molina were causally connected to Molina's attempt to elude police vehicles.

We affirm the trial court's restitution order.

WE CONCUR:

---

[16] 38 Wn. App. 135, 684 P.2d 778 (1984), overruled on other grounds, State v. Krall, 125 Wn.2d 146, 881 P.2d 1040 (1994).

[17] Id. at 140.

5