76 P.3d 280 (2003)
118 Wash.App. 435
STATE of Washington, Respondent,
v.
Scott Warren WHEAT, Appellant.
No. 28413-8-II.
Court of Appeals of Washington, Division 2.
September 16, 2003.
*281 Zachary Lynch Fleet, Attorney at Law, Seattle, WA, for Appellant.
Randall Avery Sutton, Kitsap Co. Prosecutor's Office, Port Orchard, WA, for Respondent.
BRIDGEWATER, J.
Scott Warren Wheat graduated from treatment in connection with a drug court diversion and had his charges dismissed with prejudice. Eight months later, an investigation into his treatment records without his consent revealed that Wheat had failed three urinalysis tests, contrary to the information given to the drug court judge. The trial court then vacated Wheat's previous dismissal and convicted him of the initial drug and alcohol charges. We hold that such use of Wheat's records expressly violates the applicable law with regard to disclosure of treatment records for use in the criminal justice system, and any consent that he had previously given would have expired upon the date of the hearing in which his charges were dismissed. We do not address the question of access to the records because the federal regulations specifically address use of the treatment records and that issue is dispositive. We reverse.
In September 1999, Wheat was arrested for, and charged with, unlawful possession of a controlled substance and driving while under the influence of intoxicants. Wheat agreed to be diverted to drug court. More than a year later, in September 2000, the drug court granted the State's motion to dismiss the underlying charges with prejudice "pursuant to [Wheat's] graduation from the Kitsap County Drug Court Program." Clerk's Papers (CP) at 10.
In April 2001, almost eight months after the dismissal, Betsy Bosch, the Kitsap County drug court grant administrator received a complaint that there were some irregularities involving Wheat's treatment and "with the court." Report of Proceedings (Nov. 5, 2001) at 110. Bosch had already scheduled an audit of State funded, low income patients' files. Wheat's file did not qualify for that audit, and the only reason Bosch examined Wheat's file was in response to the complaint. Wheat had not signed a release for Bosch to obtain these records during April 2001.
Bosch presented a memo report of her review of Wheat's file to the drug court judge. Her report to the judge dealt with drug tests that had been inaccurately reported to the court and Wheat's poor attitude in treatment. In her 12 years in the position, that was the only time she reported audit findings to the drug court judge.
After learning of the audit results, the State initiated a special inquiry proceeding and obtained the urinalysis results directly from the toxicology lab. Asserting newly discovered evidence and excusable neglect, the State asked the trial court to vacate the dismissal of the underlying charges, which it granted. At trial on those 1999 charges, the court found Wheat guilty and sentenced him to six months in jail, a fine, and probation.

ANALYSIS
The issue here is one of statutory interpretation. "Our primary duty in interpreting any statute is to discern and implement the intent of the legislature." State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003). In doing so, where the statute's plain language and ordinary meaning are unambiguous, "we will not construe the statute otherwise." J.P., 149 Wash.2d at 450, 69 P.3d 318. Finding no ambiguities, we employ a simple and straightforward analysis based upon the plain language of the relevant statutes.

I. RCW 70.96A.150
Chapter 70.96A RCW addresses treatment for drug and alcohol addictions. It mandates that "registration and other records of treatment programs shall remain confidential," with disclosure allowed on patient consent or other exceptions. RCW 70.96A.150(1). Further, it invokes federal law: "Nothing contained in this chapter relieves a person or firm from the requirements under federal regulations for the confidentiality of alcohol and drug abuse patient records." RCW 70.96A.150(3). Both parties agree that 42 U.S.C. § 290dd applies and *282 that it and Title 42 C.F.R. comprise the applicable law.

II. Federal Regulations
Federal law protects the identity and confidentiality of treatment records of any individual in a treatment program but permits disclosure with a proper consent. 42 U.S.C. § 290dd-2 (There are other instances of permitted use that are not applicable here.). Specifically addressing the issue of use in criminal justice proceedings, 42 U.S.C. § 290dd-2(c) states: "Except as authorized by a court order [under another, inapplicable subsection], no record ... may be used to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient."
Other regulations deal specifically with disclosures to elements of the criminal justice system, such as the drug court. However, even when the disclosure is only to "those individuals within the criminal justice system who have a need for the information in connection with their duty to monitor the patients progress", there must be a valid consent that meets strict requirements. 42 C.F.R. 2.35(a)(1).[1] One of those requirements is that the consent must state a reasonable period during which it remains in effect: that period must take into account the anticipated length of the treatment, as well as the type of criminal proceeding involved, the need for the information in connection with the final disposition of that proceeding, and when the final disposition will occur. 42 C.F.R. 2.35(b)(2). Another section reinforces the expiration of consent by mandating the expiration of consent upon a date, event, or condition, such that consent lasts no longer than reasonably necessary to serve the purpose for which it is given. 42 C.F.R. 2.31(a)(9).[2] Thus, the State was required to obtain a consent in proper form, which could only remain in effect for a reasonable time in connection with the final disposition of the criminal proceeding.
The parties have agreed that, before entry into the program through drug court, Wheat had executed a consent to disclosure *283 that complied with this provision. But the court made a finding that there was no release signed to obtain the treatment records in 2001 that disclosed the failed drug tests. Neither party assigned error to this finding; thus, it is a verity on appeal. State v. O'Neill, 148 Wash.2d 564, 571, 62 P.3d 489 (2003).[3]
The State urges that because there was a prior waiver of confidentiality and there was discussion in drug court of the false reports, Wheat cannot now assert a claim of confidentiality as to the true reports. We disagree. First, the reports discussed in drug court were not the same as the reports in Wheat's file. Second, that Wheat discussed the false treatment records in drug court does no more to waive Wheat's confidentiality to his treatment records than does his prior valid consent: the 2001 investigation was a separate investigation of his true records after his dismissal.
Further, the State urges that the consent that did conform to 42 C.F.R. § 2.31 should last for at least one year past the date of the dismissal of the criminal charges. We disagree. The consent is given for the duration of the program, with the end result being a disposition of the criminal charges after a successful completion of the program. We were not furnished with a copy of the proper consent because the drug court did not retain a copy of the consent. The State hypothesizes that the expiration date of the proper consent was well after the investigation in 2001, but there is no record of the consent.
Regardless, we hold that a consent signed under these circumstances cannot extend beyond the hearing date at which a dismissal of the charges occurs. There is sufficient time to examine the treatment records of a person sent to treatment by a court during his treatment. Thus, even if there had been a different date on the valid consent taken upon entry to the program, it must have expired upon the final hearing that was designed to dispose of the criminal prosecution. Had the records been reviewed during treatment, there would not have been this controversy. It is not a heavy burden to require review when there is a valid consent before the court enters a dismissal.
We certainly do not condone Wheat's actions or those of the treatment center; but, Wheat's treatment records were inadmissible because their use violated the statutes creating their confidentiality.
Reversed.
We concur: MORGAN, J., and QUINN-BRINTNALL, A.C.J.
NOTES
[1] 42 C.F.R. § 2.35 states:

(a)A program may disclose information about a patient to those persons within the criminal justice system which have made participation in the program a condition of the disposition of any criminal proceedings against the patient or of the patients parole or other release from custody if:
(1)The disclosure is made only to those individuals within the criminal justice system who have a need for the information in connection with their duty to monitor the patients progress (e.g., a prosecuting attorney who is withholding charges against the patient, a court granting pretrial or posttrial release, probation or parole officers responsible for supervision of the patient); and
(2)The patient has signed a written consent meeting the requirements of Sec. 2.31 (except paragraph (a)(8)).
(b)Duration of consent. The written consent must state the period during which it remains in effect. This period must be reasonable, taking into account:
(1)The anticipated length of the treatment;
(2)The type of criminal proceeding involved, the need for the information in connection with the final disposition of that proceeding, and when the final disposition will occur.
[2] 42 C.F.R. § 2.31(a) states:

(a) Required elements. A written consent to a disclosure under these regulations must include:
(1) The specific name or general designation of the program or person permitted to make the disclosure.
(2) The name or title of the individual or the name of the organization to which disclosure is to be made.
(3) The name of the patient.
(4) The purpose of the disclosure.
(5) How much and what kind of information is to be disclosed.
(6) The signature of the patient and, when required for a patient who is a minor, the signature of a person authorized to give consent under Sec. 2.14; or, when required for a patient who is incompetent or deceased, the signature of a person authorized to sign under Sec. 2.15 in lieu of the patient.
(7) The date on which the consent is signed.
(8) A statement that the consent is subject to revocation at any time except to the extent that the program or person which is to make the disclosure has already acted in reliance on it. Acting in reliance includes the provision of treatment services in reliance on a valid consent to disclose information to a third party payer.
(9) The date, event, or condition upon which the consent will expire if not revoked before. This date, event, or condition must insure that the consent will last no longer than reasonably necessary to serve the purpose for which it is given.
(Emphasis added.)
[3] The State asserts that Wheat bears the burden of showing a lack of valid consent because he is asserting a privilege; but we need not engage in a discussion or analysis of burdens where the court has made a finding that is not challenged as to there being no signed release.