# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73453-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| EMMANUEL MARTINEZ, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 10, 2016 |

TRICKEY, A.C.J. — Emmanuel Martinez appeals his judgment and sentence for his conviction of assault in the second degree. He argues that the trial court erred when it imposed a term of 18 months of community custody. Martinez contends that the correct community custody term is 12 months. We disagree and therefore affirm.

## FACTS

The State charged Martinez with one count of assault in the first degree based on an incident that occurred on May 8, 2014. The State alleged that Martinez beat his neighbor by repeatedly hitting him and kicking him even after he lost consciousness. The charge included an aggravating circumstance that the victim was particularly vulnerable or incapable of resistance.

Following a trial, a jury convicted Martinez of the lesser included charge of assault in the second degree. The jury also found that Martinez knew, or should have known, that the victim was particularly vulnerable or incapable of resistance.

At sentencing, the trial court imposed an exceptional sentence of 100 months in custody. The trial court also imposed a term of 18 months of community custody.

Martinez appeals.

## ANALYSIS

Martinez's sole argument on appeal is that the trial court erred when it imposed a term of 18 months of community custody. Martinez contends that the community custody statute, RCW 9.94A.701, is ambiguous as to the length of the community custody term for assault in the second degree because assault in the second degree is both a "violent offense" requiring 18 months of community custody under RCW 9.94A.701(2), as well as a "crime against persons" requiring 12 months of community custody under RCW 9.94A.701(3)(a).[1] Martinez further contends that the rule of lenity requires the imposition of the lesser term. We disagree, and adopt the reasoning and analysis of State v. Hood, in deciding this issue. State v. Hood, No. 73401-6-I, 2016 WL 5375194 (Wash. Ct. App. Sept. 26, 2016).

RCW 9.94A.701 is the statute controlling Martinez's term of community custody. In relevant part, that statute provides:

> (2) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense.
>
> (3) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for one year when the

---

[1] Br. of Appellant at 1-6.

court sentences the person to the custody of the department for:

(a) Any crime against persons under RCW 9.94A.411(2).

RCW 9.94A.701(2), (3)(a).

Assault in the second degree is a "violent offense" under RCW 9.94A.030(55)(viii). Thus, it falls within the plain language of RCW 9.94A.701(2), which requires a community custody term of 18 months. Assault in the second degree is also a "[c]rime against persons" under RCW 9.94A.411(2)). Thus, it also falls within the plain language of RCW 9.94A.701(3)(a), which requires a community custody term of 12 months.

Nevertheless, the only reasonable reading of RCW 9.94A.701 is that the statute requires a term of 18 months of community custody for assault in the second degree. As we decided in Hood, the statutory scheme as a whole establishes that the legislature clearly intended for individuals who commit violent offenses to receive a longer term of community custody than individuals who commit less violent crimes against persons. 2016 WL 5375194, at *6; see RCW 9.94A.701, .702. This is consistent with the legislature's purpose to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history." RCW 9.94A.010(1).

Moreover, "'[s]tatutes must be interpreted and construed so that all language used is given effect, with no portion rendered meaningless or superfluous.'" State v. J.P., 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (internal quotation marks omitted) (quoting Davis v. Dep't of Licensing, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)). If we were to hold that the 12 month community

custody term of RCW 9.94A.701(3)(a) applied to all crimes against persons—even violent offenses—RCW 9.94A.701(2) would be rendered meaningless.

As we stated in Hood, "[b]ecause the potential ambiguity can be reconciled in a way that reflects the legislature's clear intent, we do not apply the rule of lenity. State v. Oakley, 117 Wn. App. 730, 734, 72 P.3d 1114 (2003), review denied, 151 Wn.2d 1007[, 87 P.3d 1185] (2004)." 2016 WL 5375194, at *6. We therefore conclude that RCW 9.94A.701 is not ambiguous as to the length of the community custody term for assault in the second degree. Because assault in the second degree is a violent offense, the trial court correctly applied RCW 9.94A.701(2) and sentenced Martinez to 18 months of community custody.

We affirm the judgment and sentence.

Trickey, ACJ

WE CONCUR:

Cox, J.

Becker, J.