

This opinion was filed for record

at 8:00Am on March 8, 2018

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Detention of Donald Herrick. ) | No. 94495-4 |
| ) | (consolidated with No. 94522-5) |
| STATE OF WASHINGTON, ) | |
| ) | |
| Respondent, ) | |
| v. ) | |
| ) | En Banc |
| DONALD HERRICK, ) | |
| ) | |
| Petitioner. ) | Filed: MAR 0 8 2018 |
| ) | |

YU, J.— Petitioner Donald Herrick is an alleged sexually violent predator (SVP) awaiting trial after stipulating to probable cause and agreeing to be evaluated by the State's expert. At the request of the State's expert and pursuant to RCW 71.09.050(1), the trial court ordered Herrick to submit to penile plethysmograph (PPG) and polygraph tests. Herrick refused to comply with the court order, which resulted in a finding of contempt. Herrick brings a facial and as-applied challenge to the statute, and he also challenges the lawfulness of the contempt order. The Court of Appeals affirmed the trial court. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Herrick pleaded guilty to first degree rape in October 1997 for breaking into a woman's home while she was sleeping, orally raping her, and beating her until she was unconscious. After serving a prison sentence, Herrick was released in 2006, and within three months, he stalked a teenage girl on her way home from a bus stop. Herrick pleaded guilty to voyeurism and was sentenced to 22 months in prison.

Herrick's voyeurism sentence included a community supervision period, which required him to participate in sex offender treatment. His outpatient deviancy treatment with Northwest Treatment Associates (NTA) included PPG testing, which Herrick submitted to in 2009. An NTA provider explained that "[t]here were so many signs of manipulation and suppression that Mr. Herrick's test scores are actually considered inconclusive," but noted that he showed arousal to scenarios involving rape of an adult female and, separately, rape of a female child. Clerk's Papers (CP) at 276.

In 2010, Herrick was found guilty of violating the conditions of his community placement by stalking two different women. He received a sanction of 120 days' confinement. In anticipation of his release, the State hired Dr. Brian Judd to conduct an initial civil commitment evaluation. Dr. Judd diagnosed Herrick with paraphilia not otherwise specified (NOS) nonconsent, alcohol abuse,

cannabis abuse, antisocial personality disorder, and a provisional diagnosis of voyeurism. The basis for the paraphilia NOS nonconsent diagnosis was Herrick's conviction for first degree rape and Dr. Judd's assessment that the 2009 PPG test showed clear arousal to rape.

While Herrick was still confined, the State petitioned for his civil commitment as an SVP and included Dr. Judd's paraphilia NOS nonconsent diagnosis as evidence of his mental abnormality. Herrick stipulated that there was probable cause to find that he is an SVP, and, in accordance with RCW 71.09.040(4), the court ordered Herrick to submit to an evaluation and remain in custody pending his SVP trial. In 2012, Dr. Judd updated his evaluation and concluded that Herrick still suffered from paraphilia NOS nonconsent. Herrick retained Dr. Stephen Jensen, who reviewed the 2009 PPG results and concurred with the NTA evaluator that the results were "'inconclusive'" and added that "the data is non-interpretable and has no clinical or predictive value in this case." *Id.* at 693.

Because the PPG test results were a critical element of his paraphilia NOS nonconsent diagnosis, Dr. Judd determined that updated physiological testing was necessary. He sought PPG testing to be followed immediately by an issue-specific polygraph examination to determine (1) the state of Herrick's current sexual arousal functioning and (2) whether Herrick used or attempted to use methods to

3

invalidate or circumvent PPG testing. The State accordingly filed a motion to compel PPG testing pursuant to RCW 71.09.050(1).

Over Herrick's objection, the court granted the State's motion and ordered Herrick to submit to PPG testing and an issue-specific polygraph examination. The court denied Herrick's motion to certify the issue to the Court of Appeals pursuant to RAP 2.3(b)(4), and Herrick then filed a notice of discretionary review to the Court of Appeals.

While his notice of discretionary review was pending, Herrick refused to submit to the PPG test. The court held Herrick in contempt and, as a remedial sanction, determined that "the fact of refusal" was admissible at trial. *Id.* at 298, 1069. Herrick filed a notice of appeal to the Court of Appeals.

The Court of Appeals accepted discretionary review of the order for PPG testing and affirmed in a unanimous published opinion. *In re Det. of Herrick*, 198 Wn. App. 439, 442, 393 P.3d 879 (2017). In a separate unpublished opinion, it also unanimously affirmed the trial court's contempt order. *In re Det. of Herrick*, No. 69993-8-I, slip op. at 2 (Wash. Ct. App. Apr. 3, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/699938.pdf. We granted Herrick's petitions for review and consolidated the two cases.

4

ISSUES

A.    Is RCW 71.09.050(1)(c) unconstitutional on its face?

B.    Is RCW 71.09.050(1)(c) unconstitutional as applied to Herrick?

C.    Did the trial court properly find Herrick in civil contempt?

STANDARD OF REVIEW

Whether a statute is unconstitutional is a question of law reviewed de novo. *State v. McCuistion*, 174 Wn.2d 369, 387, 275 P.3d 1092 (2012). A statute is presumed constitutional, and the party challenging it bears the burden of proving it is unconstitutional beyond a reasonable doubt. *Id.* A trial court's decision to enter an order of contempt is reviewed for abuse of discretion. *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995).

ANALYSIS

It is undisputed that Herrick validly stipulated that there is probable cause to believe he is an SVP in this case. Once probable cause is established, the State is authorized to request a current evaluation of the person. The statute governing SVP petitions provides in relevant part that

> [t]he prosecuting agency shall have a right to a current evaluation of the person by experts chosen by the state. The judge may require the person to complete any or all of the following procedures or tests if requested by the evaluator: (a) A clinical interview; (b) psychological testing; (c) plethysmograph testing; and (d) polygraph testing. The judge may order the person to complete any other procedures and tests

5

relevant to the evaluation.

RCW 71.09.050(1). Herrick argues this statute is unconstitutional on its face because it has insufficient constitutional protections for sex offenders. He also argues that the statute is unconstitutional as applied to him because there was no reasonable necessity for PPG testing in this case.[1] Finally, he challenges the trial court's finding of contempt.

A.    RCW 71.09.050(1) is not facially unconstitutional

Herrick first argues that RCW 71.09.050(1) is facially unconstitutional because "there is no guidance on the level of scrutiny a trial court must engage in before granting a request by the State for PPG testing of a pretrial detainee." Herrick's Suppl. Br. at 7. Herrick therefore concludes that an order to submit to PPG testing violates federal constitutional substantive due process.[2] U.S. CONST. amend. XIV.

1. Plain language

Before considering Herrick's substantive due process claim, we note that Herrick's argument is inconsistent with the plain language of the statute. If a

---

[1] Herrick does not separately challenge the order to undergo an issue-specific polygraph examination.

[2] Herrick does not specify whether he raises substantive or procedural due process claims, but we analyze his argument as a substantive due process challenge consistent with the Court of Appeals. Herrick also alleges a violation of article I, section 7 of the Washington Constitution, but he provides no argument or analysis in support and we therefore only consider his federal constitutional challenge. *State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017); *see also* RAP 10.3(a)(6).

6

statute's meaning is plain on its face, "then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

Herrick suggests that PPG testing will always be ordered at the request of the State, but the plain language of the statute states otherwise. RCW 71.09.050(1) provides that "[t]he prosecuting agency shall have a right to a current evaluation," but it *does not* grant the State the right to PPG testing in every case. To the contrary, the statute expressly vests the judge with the discretion to order any or all procedures or tests, including PPG testing, only "if requested by the *evaluator*" and if relevant to the evaluation.[3] RCW 71.09.050(1) (emphasis added). RCW 71.09.050 is unambiguous and "we will not construe the statute otherwise." *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003).

As Herrick's counsel conceded at oral argument, there are circumstances in which a court applying RCW 71.09.050(1) *could* order or decline to order PPG testing in a way that even Herrick would concede is constitutional. *See* Wash. Supreme Court oral argument, *In re Det. of Herrick*, No. 94495-4 (Jan. 25, 2018), at 5 min., 45 sec., *audio recording by* TVW, Washington State's Public Affairs

---

[3] As originally introduced, Senate Bill 6493 stated that a "judge shall" order testing if requested by an evaluator. An amendment was passed to preserve judicial discretion by changing the language to a "judge *may*" order testing. Amend. 6493-S AMH WAYS PAME 198 to SUBSTITUTE S.B. 6493, 62d Leg., Reg. Sess. (Wash. 2012) (emphasis added).

Network, http://www.tvw.org. Because nothing in the statute prevents courts from providing the individualized determinations that Herrick claims are constitutionally required, Herrick fails to carry his burden that RCW 71.09.050(1) is unconstitutional beyond a reasonable doubt.

2. Substantive due process

In *Young*, we applied strict scrutiny to the SVP statute for the first time and determined that it "implicates no substantive due process concerns." *In re Pers. Restraint of Young*, 122 Wn.2d 1, 59, 857 P.2d 989 (1993). We have since rejected similar challenges. *See McCuistion*, 174 Wn.2d at 392; *In re Det. of Morgan*, 180 Wn.2d 312, 327, 330 P.3d 774 (2014); *In re Pers. Restraint of Meirhofer*, 182 Wn.2d 632, 651, 343 P.3d 731 (2015); *In re Det. of Belcher*, 189 Wn.2d 280, 291, 399 P.3d 1179 (2017). Nevertheless, Herrick argues that RCW 71.09.050(1) amounts to a substantive due process violation because the judge is not required to make an individualized determination that testing is reasonable and that there is not a less-intrusive testing alternative. Herrick's Suppl. Br. at 6.

When a statute impinges on a significant liberty interest, it must be narrowly drawn to further a compelling state interest. *Young*, 122 Wn.2d at 26. We have held more than once that the State has a compelling interest in protecting society from sex offenders and, as such, is "irrefutable." *Id.* The public safety concerns are amplified in this context, where there is already probable cause that the sex

8

offenders are likely SVPs and therefore potentially dangerous. In fact, civil

commitment is impermissible without a finding of dangerousness because it is

reserved only for "those who suffer from an impairment 'rendering them

dangerous beyond their control.'" *In re Det. of Thorell*, 149 Wn.2d 724, 731-32,

72 P.3d 708 (2003) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 358, 117 S. Ct.

2072, 138 L. Ed. 2d 501 (1997)).

While we are mindful that PPG testing is invasive, there is a particular

context for the testing and limiting principles for its use. PPG testing may provide

critical information to an evaluator charged with determining if an alleged SVP has

a mental abnormality that could be the basis for civil commitment. We have

specifically recognized PPG testing as an effective and generally accepted method

for diagnosing sex offenders.[4] *In re Det. of Halgren*, 156 Wn.2d 795, 806, 132

P.3d 714 (2006) (citing *State v. Riles*, 135 Wn.2d 326, 343-44, 957 P.2d 655

(1998)). The requested test in this case is for diagnosis and evaluation and not for

monitoring.

There are also sufficient safeguards to ensure that testing is not arbitrary. A

judge may order PPG testing only at the request of an evaluator who has

"demonstrated expertise in conducting evaluations of sex offenders, including

---

[4] PPG testing is not subject to *Frye v. United States*, 54 App. D.C. 46, 293 F. 1013 (1923). *Halgren*, 156 Wn.2d at 806.

diagnosis and assessment of reoffense risk." WAC 388-880-033(1). And the professional guidelines of those who administer the PPG test caution it should be used on a "case-by-case basis with due consideration given to the limitations and the intrusiveness of the procedure." WAC 246-930-310(7)(c).

Herrick argues *United States v. Weber*, 451 F.3d 552 (9th Cir. 2006) supports his position, but it is inapposite. *Weber* concerns a defendant's challenge to PPG testing imposed as a condition of supervised release pursuant to a federal sentencing statute, 18 U.S.C. § 3583(d).[5] This case is different. Unlike in *Weber*, we have a statute that explicitly authorizes a court to order PPG testing. And, unlike in *Weber*, testing is part of a comprehensive evaluation prior to an SVP trial and not for purposes of monitoring.

In sum, we hold that RCW 71.09.050(1) on its face does not violate substantive due process. The statute is narrowly drawn to further the State's compelling interest in protecting the public from potentially dangerous sex offenders. Testing is for the limited purpose of diagnosing an alleged SVP prior to trial, and PPG testing is generally accepted for this purpose. We recognize that PPG testing is intrusive, and consistent with the language of the statute, trial courts should carefully evaluate a request for such testing by inquiring as to whether this

---

[5] The Ninth Circuit did not reach the substantive due process issue. *Weber*, 451 F.3d at n.14.

specific test is necessary for purposes of the evaluation and whether there are less intrusive alternatives. For example, judges should ask why a PPG test is the preferred testing tool; what the specific purpose of the test is relative to the individual; whether there is any evidence of dishonesty or manipulation by the individual regarding the stimuli for sexual arousal that the PPG will rebut; and whether there is any other test that is less intrusive that will render the same information or be equally effective in evaluating the individual.

B.     RCW 71.09.050(1) is not unconstitutional as applied to Herrick

Herrick briefly argues in the alternative that even if a trial court could order PPG testing in accordance with RCW 71.09.050(1) without a constitutional violation, the order actually entered in his case violates his constitutional rights. Herrick does not clearly state on what basis the trial court's decision is unconstitutional, but he asserts that "[t]here was no evidence that a new PPG was reasonably necessary or would produce reliable results and the trial court did not consider any alternatives to this invasive type of testing." Herrick's Suppl. Br. at 11. Because we reject Herrick's invitation to read into RCW 71.09.050(1) additional requirements, we reject his as-applied challenge as well. The record supports the trial court's finding that it had good cause to order testing in this case.

A brief recitation of the timeline is critical to understanding the trial court's decision. Dr. Judd first evaluated Herrick in 2010. He used Herrick's conviction

for first degree rape and the results of the PPG test Herrick completed in 2009 as the basis for his diagnosis of paraphilia NOS nonconsent. While NTA deemed the PPG results inconclusive overall, Dr. Judd believed Herrick showed "clear arousal to humiliation rape of an adult female and rape of a female minor, despite apparent efforts to suppress arousal." CP at 1114.

The following year, Herrick stipulated that there was probable cause to find he is an SVP. Dr. Judd updated his evaluation and concluded that Herrick still suffered from paraphilia NOS nonconsent based on the same information he used in his initial evaluation. Thereafter, Dr. Jensen, retained by Herrick, reviewed the PPG data from 2009 and asserted that the data was not only "'inconclusive'" but also "non-interpretable and has no clinical or predictive value in this case." *Id.* at 693.

In light of Dr. Jensen's critique of the PPG data and at the request of Dr. Judd, the State filed a motion to compel Herrick to complete a new PPG test pursuant to RCW 71.09.050(1). The State also requested that the court order an issue-specific polygraph examination because Herrick had attempted to suppress his arousal during the initial PPG and thereafter sought information on how to manipulate the test should it be administered again. In a recorded jailhouse telephone call, Herrick repeatedly asked his then girlfriend to research "how to beat, how to win, how to cheat" PPG testing. *Id.* at 704.

The trial court granted the State's motion because there was "good cause to order the testing in the present case." Verbatim Report of Proceedings (Jan. 22, 2013) at 29. The judge listed numerous factors to support his decision at the hearing, including that the statute explicitly authorizes the court to order PPG testing. The judge also stated new testing was warranted because the initial PPG, which Herrick may have manipulated, was conducted for purposes of treatment before the State filed the SVP case. *Id.* at 26-27. Finally, the judge concluded *Halgren* and *Riles* endorsed PPG testing as an effective tool for diagnosing sex offenders. *Id.* at 27.

In conclusion, Herrick's as-applied challenge fails. The record indicates that the trial court had good cause to order PPG testing after thorough consideration of the issue.

C.    The trial court's contempt order

The trial court held Herrick in contempt for failing to complete court-ordered PPG and issue-specific polygraph testing. Herrick requests that we overturn the contempt order if he prevails on his constitutional challenges. Herrick's constitutional arguments are not meritorious, and he does not otherwise challenge the validity of the contempt order. Therefore, we hold that the trial court did not abuse its discretion in finding Herrick in contempt and we affirm the Court of Appeals on this issue. We do not find it necessary to address the proper remedy

13

for a finding of contempt in this instance since the proceedings are ongoing at the trial court.

## CONCLUSION

Compelled PPG testing pursuant to court order in accordance with RCW 71.09.050(1)(c) complies with substantive due process, including in Herrick's case. The trial court therefore properly found Herrick in contempt for refusing to comply with the order compelling PPG testing. We affirm the Court of Appeals.

_____
Ju, J.

WE CONCUR:

_____
Fairhurst, C.J.

_____

_____
Madsen, J.

_____
Owens, J.

_____
Stephens, J.

_____
Wiggins, J.

_____
González, J.

_____
Gordon McCloud, J.