FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
OCTOBER 17, 2024

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
OCTOBER 17, 2024

SARAH R. PENDLETON
ACTING SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| WASHINGTON CONSERVATION ACTION EDUCATION FUND, TONY USIBELLI, and NANCY HENDERSON, | NO. 103260-9 |
| Petitioners, | EN BANC |
| v. | |
| STEVE HOBBS, in his official capacity as Secretary of State for the State of Washington, | Filed: <u>October 17, 2024</u> |
| Respondent. | |

GONZÁLEZ, C.J.—Under Washington law, people have both the power to propose legislation through the initiative process and the power, when exercised appropriately, to challenge initiatives. In this case, one group of people proposed an initiative and another group of people challenged it. Given the fast approaching deadline to print the ballot, we denied the challenge by order with opinion to follow. We now explain our decision.

The challengers, the Washington Conservation Action Education Fund and voters Tony Usibelli and Nancy Henderson petitioned this court directly for an order

requiring Secretary of State Steve Hobbs to stop counting petition signatures submitted in support of Initiative 2066 (I-2066) using the signature verification procedures established by rule. The challengers argue that the secretary's verification, based solely on matching petition signatures to signatures found in the voter rolls, is insufficient and that the secretary must also verify signers' addresses. The challengers also sought accelerated review and for an injunction pending review. By order, we denied the injunction motion, denied accelerated review, and dismissed the petition with opinion to follow.

Generally speaking, I-2066 would repeal or amend recent legislation that attempts to limit the use of natural gas. Initiative sponsors collected signatures in support and submitted them to the secretary. Washington law allows the secretary to use statistical sampling, under processes adopted by rule, to determine if the petition is supported by a sufficient number of signatures of legal voters. RCW 29A.72.230. Under the current rules, the secretary takes "a minimum three percent random sample of the signatures submitted" and checks those signatures against those of registered voters. WAC 434-379-010. Under the rules, a signature match is sufficient and the signatures will be counted regardless of whether the signers included their addresses on the petition or whether they provided addresses that matched those listed in the voter rolls associated with their signatures. WAC 434-379-010, -012, -020.

The challengers brought an original action in this court under RCW 29A.68.013, seeking to enjoin the secretary from certifying the signatures for a vote without checking signers' addresses. RCW 29A.68.013 is a broad statute that authorizes any justice of this court, judge of the Court of Appeals, or judge of the superior court sitting in the proper

county, to order election officials to follow the law, correct errors, or desist from a wrongful act related to elections.

But RCW 29A.68.013 is a general statute that applies to any claim that an election official has erred, committed a wrongful act, neglected their duty, or that some error or omission has or is about to occur. A more specific statute, RCW 29A.72.240, concerns specific error alleged here – that the secretary erred in determining that the initiative petition "contain[ed] the requisite number of signatures of legal voters." The statutes provide different timelines for bringing an action, and different burdens of proof apply. Under such circumstances where overlapping statutes conflict, "'[a] general statutory provision must yield to a more specific statutory provision.'" *Washington State Assoc. of Counties v. State*, 199 Wn.2d 1, 13, 502 P.3d 825 (2022) (alteration in original) (quoting *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 356, 340 P.3d 849 (2015)). In addition, if this error would could be asserted under the general statute, it would render the specific statute superfluous, in violation of the general principle that we interpret statues to render no part of them superfluous. *Id.* at 12-13 (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)).

Under the more specific statute, RCW 29A.72.240, any citizen who is dissatisfied with the secretary's determination that an initiative contains the requisite number of legal voters' signatures must bring their challenge in the Thurston County Superior Court. The superior court's decision is immediately reviewable by this court. This court will either issue a writ or an injunction, or this court will dismiss the proceedings. *Id.* The challengers brought this case in the wrong court and under the wrong statute. Accordingly, we must dismiss it.

In addition, the petition for injunctive relief fails on the merits. As we explain in more detail in *Defend Washington v. Hobbs*, No. 102996-9, the secretary's procedure of validating initiative petition signatures by matching them with signatures on the voter rolls complies with controlling law. Both article II, section 1(a) of the Washington State Constitution and RCW 29A.72.230 require the secretary verify and canvass the *names* of legal voters on the petition, not current addresses.

Like the appellants in *Defend Washington*, the challengers argue that only those who are eligible to vote at their addresses of record at the time of signing are "legal voters." But the statute requires only that the names be canvassed, which involves verifying the signatures against those appearing on the registration rolls. A "legal voter" is a registered voter. *Sudduth v. Chapman*, 88 Wn.2d 247, 251, 558 P.2d 806 (1977). Even if RCW 29A.68.013 provided an avenue to challenge signature certification, the challengers show no error or omission in the certification process warranting relief under the statute.

We dismiss the petition for injunctive relief.

González, C.J.

WE CONCUR:

Johnson, J.

Yu, J.

Madsen, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.

Gordon McCloud, J.